**Tabsirou LY, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–2100–ag.

United States Court of Appeals, Second Circuit.

March 12, 2008.

Matthew J. Harris, Of Counsel to Eric A. Wuestman, Brooklyn, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

## SUMMARY ORDER

Tabsirou Ly, a native and citizen of Mauritania, seeks review of an April 19, 2007 order of the BIA affirming the August 24, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Tabsirou Ly*, No. A96 257 407 (B.I.A. Apr. 19, 2007), *aff'g* No. A96 257 407 (Immig. Ct. N.Y. City Aug. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we deem Chen's asylum and CAT claims abandoned, as he has failed to raise those claims in his brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Accordingly, we proceed to review only his challenge to the agency's denial of his application for withholding of removal.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. I.N.S.*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't. of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

We conclude that substantial evidence supports the agency's determination that Ly was not credible. The BIA found "[o]f particular significance" that while Ly testified to having been beaten by Mauritanian guards in 1989, neither his asylum application nor the addendum makes any mention of a beating. When asked why the beating was not included in his application, he explained that the preparer of the application did not elicit such details from him. The IJ declined to credit that explanation, pointing out that there was no evidence that the asylum application and addendum were prepared negligently, and that the information in the addendum regarding the 1989 incident was quite detailed but yet omitted any reference to a beating. We cannot conclude that a reasonable factfinder would have been compelled to accept Ly's explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (finding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The BIA also noted that Ly's testimony regarding the 1995 incident was internally inconsistent. Ly testified on direct examination that when the police arrived, they "beat us." However, on cross-examination, Ly asserted that he was not beaten during this incident. When the IJ asked Ly why he testified that the police "beat us," Ly replied, "Being that my father, he gave it to me and my brother we are siblings so if they are beaten, it looks—it feels like we all of us were beaten." The IJ properly declined to credit Ly's proffered explanation, as a reasonable factfinder would not have been compelled to do so. *See Majidi*, 430 F.3d at 80–81.

These material inconsistencies went to the heart of Ly's claims for relief, as the beatings comprised a significant portion of Ly's claim that he had been persecuted by the Mauritanian government. *Cf. Secaida–Rosales*, 331 F.3d at 308 (finding that inconsistencies that do not involve the

heart of the asylum claim are not an adequate basis for an adverse credibility determination). Accordingly, they provide substantial evidence for the IJ's adverse credibility determination and his denial of Ly's application for withholding of removal.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.